**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | * | |
| AIRBOAT ADVENTURES LLC, AS | * | NO. 10-2872 |
| OWNERS and /or OPERATORS OF THE | * | |
| UNNAMED VESSEL BEARING REG NO. | * | SECTION "B" |
| LA2580FL, HULL NO. A0N00972K001 | * | |
| FOR EXONERATION FROM OR | * | JUDGE IVAN L. R. LEMELLE |
| LIMITATION OF LIABILITY | * | |
| | * | MAGISTRATE WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
\*

**ANSWER AND CLAIM TO PETITIONER IN-LIMITATION'S COMPLAINT**

Claimants, Ronald Bunner and Wendy Bunner, through undersigned counsel, answering the

complaint of AIRBOAT ADVENTURES, LLC, AS OWNERS OF THE UNNAMED VESSEL

BEARING REGISTRATION NO. LA2580FL, HULL NO. A0N00972K001 (the"Vessel")

respectfully allege upon personal knowledge and information and belief as follows:

1. Claimants admit the allegations contained in Paragraph 1 of the complaint.

2. Claimants admit the allegations contained in Paragraph 2 of the complaint.

3. Claimants deny sufficient knowledge or information by which they can admit or deny the

allegations of Paragraph 3 of the complaint.

1

4. Claimants deny sufficient knowledge or information by which they can admit or deny the allegations of Paragraph 4 of the complaint.

5. Claimants deny sufficient knowledge or information by which they can admit or deny the allegations of Paragraph 5 of the complaint.

6. Claimants deny sufficient knowledge or information by which they can admit or deny the allegations of Paragraph 6 of the complaint.

7. Claimants deny the allegations contained in Paragraph 7 of the complaint.

8. Claimants deny sufficient knowledge or information by which they can admit or deny the allegations of Paragraph 8 of the complaint.

9. Claimants deny sufficient knowledge or information by which they can admit or deny the allegations of Paragraph 9 of the complaint.

10. Claimants deny sufficient knowledge or information by which they can admit or deny the allegations of Paragraph 10 of the complaint.

11. Claimants deny sufficient knowledge or information by which they can admit or deny the allegations of Paragraph 11 of the complaint.

12. Claimants deny sufficient knowledge or information by which they can admit or deny the allegations of Paragraph 12 of the complaint.

13. Claimants deny sufficient knowledge or information by which they can admit or deny the allegations of Paragraph 11 of the complaint.

14. Claimants deny sufficient knowledge or information by which they can admit or deny the allegations of Paragraph 14 of the complaint.

## FIRST AFFIRMATIVE DEFENSE

The petition for limitation of liability must be dismissed as it was filed more than six (6) months after petitioner in-limitation had written notice and more than one year after the accident that the claims by Claimants would exceed the value of the vessel. Further a lawsuit was instituted in state court against the petitioner in-limitation on April 5, 2010.  The time for limitation has expired. The petitioner in-limitation knew this but filed the limitation anyway in direct Violation of Rule 11. The limitation is frivolous and petitioner in-limitation knew it.

## SECOND AFFIRMATIVE DEFENSE

There is no statutory and/or jurisprudential authority by which petitioner in-limitation may seek exoneration from liability for the incident, therefore, that portion of the petition and complaint must be dismissed.

## THIRD AFFIRMATIVE DEFENSE

The security petitioner in-limitation has posted and/or proposes to post is inadequate, and the court should order appropriate security to be filed in accordance with Supplemental Rule F.

## FOURTH AFFIRMATIVE DEFENSE

Petitioner in-limitation proposed valuation of the vessel understates its value and the court should order petitioner in-limitation to have a fair, adequate and prompt appraisal of the value of the vessel at the time of the incident.

## FIFTH AFFIRMATIVE DEFENSE

Claimants' claims are the sole claims asserted against petitioner in-limitation , the vessel and petitioner in-limitation's interests therein arising from the incident on June 5, 2009.  Accordingly, concursus is unnecessary.  As such, this case involves a "single-Claimant" fund.  In light thereof, Claimants are entitled to have the stay of proceeding issued by this court lifted, and pursuant to the "Savings to Suitors" clause of 28 U.S.C. §1333, Claimants are entitled to litigate their claim in the state court of their choice.

## SIXTH AFFIRMATIVE DEFENSE

Petitioner in-limitation's complaint fails to state a claim upon which relief may be granted.

## SEVENTH AFFIRMATIVE DEFENSE

The faults leading to claimants' injuries underlying this claim were within the privity and knowledge of petitioner in-limitation.

## EIGHTH AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the subject matter of these proceedings.

## NINTH AFFIRMATIVE DEFENSE

The failure to comply with the admiralty rules invalidates the claim for exoneration from or limitation of liability filed by petitioner in-limitation and therefore petitioner in-limitation has lost its right to claim exoneration from and/or limitation of liabilities.

## TENTH AFFIRMATIVE DEFENSE

The Limitation of Liability Act, 46 U.S.C. §30503, et seq., is discriminatory in that it favors vessel owners over the respondent and deprives the above named respondent of property rights without the due process of law, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE

The circumstances and activities culminating in the injuries to claimants and any resulting damages were not brought about by any negligence, fault, neglect or want of care on the part of claimants, but rather, through the negligence, fault, neglect or want of care of other parties or entities and/or the unseaworthiness of a vessel for whom or which claimants are not legally responsible.

## CLAIM BY CLAIMANTS

And further answering the complaint, and as and for their claims against petitioner in-limitation, Airboat Adventures, L.L.C. as vessel owner, Claimants state as follows:

1.      Claimants reallege each and every allegation and statement contained in the Answer with defenses with the same force and effect as if set forth in its entirety.

2.      The jurisdiction of this Court over this claim arises under and by virtue of the General Admiralty and Maritime Law, and under the court's admiralty jurisdiction, 28 U.S.C. §1333.

3.      Claimants are entitled to a trial by jury pursuant to the "savings to suitors" clause, 28 U.S.C. §1333 which permit, by statutory authority or through the operation of common law, the right to a trial by jury.

4.      Claimants bring this claim for damages pursuant to the provisions of the General Maritime Law and all other state, federal, common law and/or statutory provisions or regulations which apply to this matter.

5.      Claimants are residents of the State of South Carolina.

6.      At all times herein mentioned, petitioner in-limitations were and are entities residing within the State of Louisiana.

7.      On June 5, 2009, claimants were passengers aboard the unnamed vessel bearing registration NO. LA2580FL, Hull NO. A0N00972K001 (the vessel).

8.      On said date, while the vessel was in navigable waters, claimants, because of the unsafe and unseaworthy condition of the vessel and the negligence of the petitioner in-limitation s, sustained personal injuries and property losses, as more specifically set forth herein.

9.      By reason of the negligence of the petitioner in-limitation, and its breach of its non-delegable duties to them, Claimants, Ronald Bunner and Wendy Bunner sustained loss of personal property, the full extent of which is not yet known; and has and will incur other pecuniary and non-pecuniary losses.

10.     By reason of the negligence of the petitioner in-limitation, and its breach of its non-delegable duties to them, Claimants, Ronald Bunner and Wendy Bunner sustained physical injury, the full extent of which is not yet known; loss of wages; medical expenses; they sustained loss of personal property, the full extent of which is not yet known; loss of wages and has and will incur other pecuniary and non-pecuniary losses.

This answer is filed herein pursuant to statues covering limitation of liability proceedings 46 U.S.C. §30503, *et seq.*, and Supplemental Admiralty Rule F.  Claimants reserve all rights, including the right to trial by jury pursuant to 28 U.S.C. §1332, in event the petitioner in-limitation is denied exoneration from or limitation or liability herein.

WHEREFORE, Claimants, Ronald Bunner and Wendy Bunner having fully answered the complaint, and stated their

1.     That an order be entered herein that petitioner in-limitation is not entitled to exoneration from liability herein;

2.     That an order be entered herein that petitioner in-limitation is not entitled to limitation of liability herein;

3.      That an order be entered that the occurrence referred to in the complaint happened with the privity and knowledge of the petitioner in-limitation;

4.      That the claims of the Claimants be allowed as requested herein with interest and costs, and that Claimants may have such other and further relief as in law and justice they may be entitled to receive.

Respectfully submitted,

**THE ANDRY LAW FIRM, L.L.C.**

BY:    _Gilbert V. Andry, IV_____
       **GILBERT V. ANDRY, IV (LSBA #20056)**
       610 Baronne Street
       New Orleans, Louisiana  70113
       Telephone:  (504) 586-8899
       Facsimile: (504) 586-8911
       gandry@andrylawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.  A copy of same will be mailed to all non-CM/ECF participating counsel.

_/s/ Gilbert V. Andry, IV____

**GILBERT V. ANDRY, IV (#20056)**